# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JUSTUS,<br><br>    Plaintiff,<br><br>v.<br><br>J. DOERER, et al.,<br><br>    Defendants. | No. 1:25-cv-00138-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO CREATE A CLASS ACTION BE DENIED<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion to create a class certification, filed March 12, 2025. Plaintiff submits that "there are at least 27 Plaintiffs that filed substantially the same claims in this Court and the class extends to approximately one thousand people." (ECF No. 9.)

**I.**

**DISCUSSION**

Federal Rule of Civil Procedure 23(a) governors whether a case can proceed as a class action. The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. <u>See</u> Fed. R. Civ. P. 23(a).

Plaintiff is a non-lawyer proceeding without counsel, and it is well established that a layperson cannot ordinarily represent the interests of a class. <u>See</u> <u>McShane v. United States</u>, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class

1

representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Accordingly, Plaintiff simply cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  Therefore, Plaintiff's motion for class action must be denied.[1]

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for class action be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] In addition, Federal Rule of Civil Procedure 20(a)(2) provides for the permissive joinder of defendants to an action if: (A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A) and (B). "[O]nce these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Visendi v. Bank of America, N.A., 733 F.3d 863, 870 (9th Cir. 2013) (citing Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000), quoting Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)).  Plaintiff's motion lacks sufficient information to determine whether joinder would advance, or frustrate, the principles of fundamental fairness that underlie Rule 20.