|   |   |
|---|---|
| ROBERT JUSTUS,<br><br>            Plaintiff,<br><br>    v.<br><br>J. DOERER, et al.,<br><br>            Defendants. | No.  1:25-cv-00138-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL TO REPRESENT CLASS ACTION<br><br>(ECF No. 13) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion to consider appointment of counsel in conjunction with class action request.  (ECF No. 13.)

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

///

1

1    Without a reasonable method of securing and compensating counsel, the court will seek
2    volunteer counsel only in the most serious and exceptional cases. In determining whether
3    "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5    complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

6    In the present case, the Court does not find the required exceptional circumstances.
7    Plaintiff's request for this matter to proceed as a class action was denied on April 10, 2025, and
8    Plaintiff has presented no other grounds to support his request. (ECF No. 13.) Plaintiff's desire
9    to pursue a class action does not, by itself, warrant appointment of counsel. Goolsby v. Cate, No.
10   13cv119-GSA-PC, 2013 WL 2403385, at *2 (E.D. Cal. May 30, 2013) (explaining that
11   "Plaintiffs' desire to pursue class-action relief does not present an 'exceptional circumstance;' if it
12   did, every pro se prisoner seeking class-action relief would automatically be entitled to the
13   appointment of counsel."); see, e.g., Perondi v. Schriro, 370 F. App'x 805, 805 (9th Cir. 2010)
14   (affirming district court's denial of plaintiff's motion to appoint counsel and to certify a class,
15   explaining that pro se prisoner "did not demonstrate extraordinary circumstances" and "was not
16   an adequate class representative ... able to 'fairly and adequately protect the interests of the class'
17   ... [because he] lacks authority to appear as an attorney for others") (internal citations omitted).
18   Accordingly, Plaintiff's motion for the appointment of counsel is denied.

IT IS SO ORDERED.

Dated:   **April 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge